## Winpenny v. Winpenny

*Leo A. Hackett,* for plaintiff.
*Bernard M. Berman,* for defendant.

deFURIA, J., May 31, 1974.—Plaintiff brought an action in assumpsit seeking judgment for certain arrears alleged to have accrued under the order of support imposed upon defendant by the Family Court of Philadelphia. A writ of attachment issued and was served upon the First Pennsylvania Bank and Trust

Company attaching the principal and interest of a trust created by defendant's father, in which trust defendant has the remainderman's interest.

Defendant had previously filed preliminary objections and additional preliminary objections to the complaint. An opinion and order was filed by this court on dismissing the preliminary objections.

On March 8, 1974, defendant filed a petition and rule to dissolve the attachments. When the rule was signed by this court, it included a stay of all proceedings.

On March 18, 1974, plaintiff filed a petition and rule for default judgment.

On March 25, 1974, defendant filed an answer to the complaint.

In his brief, counsel for defendant avers that, when the order of the court was received (February 19, 1974) dismissing the objections, he was away on vacation, and that his secretary immediately wrote, on his behalf, counsel for plaintiff requesting an extension of time in which to file a responsive pleading. Apparently, there was no reply to the letter requesting the additional time.

With respect to the rule for default judgment, the court, on motion of either party, may enter an appropriate judgment against a party upon default or admission: Pennsylvania Rule of Civil Procedure 1037(c).

The petition and rule for default judgment was filed on March 18, 1974. However, prior thereto, on March 8, 1974, defendant had filed a petition and rule to dissolve the attachment. The rule was allowed by this court, and included a "stay of all proceedings."

The stay of proceedings is a suspension of an action or proceeding by order of Court: 1 C. J. S. 1405, §131.

While the stay of all proceedings remains in effect, it is improper to proceed in the matter until the rule which included the stay of proceedings is resolved.

Therefore, the petition for default judgment is untimely and should be dismissed.

Plaintiff, in her answer and preliminary objections to defendant's petition to dissolve attachment, contends the petition does not conform to the Pennsylvania Rules of Civil Procedure.

With this contention, we agree. Pennsylvania Rule of Civil Procedure 1017 limits the pleadings in an action to the complaint, an answer thereto, a reply if the answer contains new matter, a preliminary objection and answer thereto.

Defendant's preliminary objections to the complaint were filed, argued and dismissed.

The petition and rule to dissolve the attachment does not conform to the Pennsylvania Rules of Civil Procedure and we sustain plaintiff's preliminary objections to them and terminate the stay of proceedings.

In any event, defendant has already filed an answer and new matter subsequent to the filing of the two petitions and rules we here consider.

We, therefore, make the following

### ORDER

And now, May 31, 1974, plaintiff's petition for default judgment is dismissed and the rule thereon is discharged; the preliminary objections to defendant's petition and rule to dissolve the attachment are sustained; the stay of all proceedings is terminated.

Plaintiff is granted 20 days from the date of this order to reply to the new matter filed with defendant's answer.